IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTINA SCHUBACH                                                                    PLAINTIFF

vs.                                             Civil No. 2:17-cv-02200

NANCY A. BERRYHILL                                                                   DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Christina Schubach ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.  Background:**

Plaintiff protectively filed her disability applications on January 7, 2015. (Tr. 19). In these applications, Plaintiff alleges being disabled due to Turner's Syndrome, a back injury, a hearing impairment, and a low IQ. (Tr. 208). Plaintiff alleges an onset date of October 24, 2014. (Tr. 19).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

These applications were denied initially and again upon reconsideration. (Tr. 49-105).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on these applications, and this hearing request was granted. (Tr. 119-146). Thereafter, on March 2, 2016, the SSA held an administrative hearing on Plaintiff's applications in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Nick Coleman. *Id.* Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing. *Id.*

On August 29, 2016, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 12-27). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 21, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 24, 2014, her alleged onset date. (Tr. 21, Finding 2).

The ALJ determined Plaintiff had the following medically determinable impairments: borderline intellectual functioning, adjustment disorder with depressed and anxious mood, chronic lumbar strain, thoracic back pain, chronic hearing problems, and Turner's Syndrome. (Tr. 21, Finding 3). The ALJ, however, determined none of these impairments were "severe" within the meaning of the Act. (Tr. 21-27, Finding 4). Thus, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 24, 2014 through the date of his decision or through August 29, 2016. (Tr. 27, Finding 5).

Thereafter, Plaintiff requested the review of the Appeals Council. On August 24, 2017, the Appeals Council denied this request for review. (Tr. 5-10). On October 24, 2017, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 10, 2017. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case

is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

3

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Plaintiff raises one claim for reversal: the SSA's decision should be "reversed and remanded due to legal error at step two of the sequential evaluation; namely, in failing to find any severe physical or mental impairments." ECF No. 14 at 4-6. Because this is the only issue Plaintiff raised, this is the issue the Court will address.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does

not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In her briefing, Plaintiff claims her back injury and borderline intellectual functioning are severe impairments. ECF No. 14 at 1-6. Plaintiff, however, provides no evidence or argument or briefing demonstrating any of these impairments meet the requirements for being severe. *Id.* Thus, due to a lack of briefing and argument on this issue, the Court finds no basis for reversal on this issue. *See Vandenboom v. Barnhart,* 421 F.3d 745, 749 (8th Cir. 2005) (rejecting "out of hand" the claimant's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because the claimant "provides no analysis of the relevant law or facts regarding these listings").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal

Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE